W. S. STAM v. J. M. STAM.

Land—Conveyance—Accepted Warranty—Defect of Title—Eviction—Purchase Money.

> A purchaser of land who has accepted a conveyance and has not been evicted under any adverse claim cannot avail himself of a defect of title in defense of a suit for unpaid purchase money.

Same—Exception to General Rule.

> When the vendor has warranted the title and is insolvent or a nonresident of the state a defect of title may be set up, but the defendant must establish the facts necessary to bring the case within the exception to the general rule.

January 21, 1868.

APPEAL FROM DAVIESS CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE HARDIN:

Although as a general rule a purchaser of land who has accepted a conveyance and has not been evicted under any adverse claim, cannot avail himself of a defect of title even in defense of a suit for unpaid purchase money, yet he may do so when the vendor has warranted the title and is insolvent or a non-resident of the State, but a defendant who seeks on this ground to discharge his liability as a purchaser by setting off that his vendor as warrantee of the title, must establish the facts necessary to bring his case within the exception to the general rule which we have mentioned. In our opinion that has not been done in this case. Thayne, the vendor and defendant in the cross petition, being only contsructively before the court, the material allegations of the cross petition were controverted by the law and it devolved on the appellant the burden of proving not only the alleged defect of title, but the non-residence or insolvency of Thayne and the failure of the plaintiff to reply to the answer did not dispense with the necessity of doing so. We do not regard the answer as presenting a counter claim and set off against the plaintiff, but a cross petition against his assignor, Thayne, incidentally affecting his right to recover as assignee of the note in controversy.

We incline to the opinion moreover that as Denson's heirs were

brought before the court and failed to maintain their claim to the thirteen acres of land alleged by the defendant to belong to them, they are concluded by the judgment from again asserting their claim.

Wherefore the judgment is *affirmed.*

*Sweeney & Stewart,* for appellant.

*Lindsey,* for appellee.